An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD A. WALKER,
Appellant,
   vs.
THE STATE OF NEVADA,
Respondent.

No. 55949

**FILED**

FEB 28 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

### Trial counsel claims

Appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel raised in his September 10, 1999, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's

13-06299

application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel was ineffective for failing to retain an experienced investigator, as appellant asserts the investigator did not have sufficient specialized training regarding homicide investigations and did not obtain a private investigator's license until after the trial. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that reasonable counsel would have concluded that the investigator was too inexperienced to provide competent investigative skills as the investigator had been employed as a police officer for 20 years prior to his employment as an investigator. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought a different investigator as appellant fails to demonstrate that a different investigator would have uncovered additional evidence demonstrating that appellant was not culpable. Therefore, the district court did not err in denying this claim.[1]

---

[1]Appellant also asserts that the investigator had a conflict of interest because a prosecution witness in this matter, who was a police officer during the investigation of the murder, was employed by the same private investigation firm as the defense investigator by the time trial had commenced. "'Conflict of interest and divided loyalty situations can take many forms, and whether an actual conflict exists must be evaluated on the specific facts of each case.'" Clark v. State, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992) (quoting Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991)). Appellant provides no specific facts which would demonstrate that the investigator's employment situation alone caused his defense team to be placed in a situation conducive to divided loyalties. Therefore, appellant fails to demonstrate that his defense team operated under an actual conflict of interest. Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Second, appellant argues that his trial counsel was ineffective for failing to obtain expert testimony regarding the knife evidence or the wounds suffered by the victim. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that any expert would have testified in a different manner from the experts who testified at trial regarding this evidence. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel presented further expert testimony regarding the knife evidence or the victim's wounds. Therefore, the district court did not err in denying this claim.

Third, appellant argues that his trial counsel was ineffective for failing to obtain expert testimony regarding appellant's martial arts training. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that it was unreasonable for counsel not to present expert testimony regarding appellant's martial arts training and skills. Given the evidence that shoeprints with characteristics similar to appellant's footwear were found in the victim's blood at the crime scene, that appellant wore a sheath which matched a knife found at the crime scene, and that appellant was discovered in the victim's vehicle shortly after the murder, appellant fails to demonstrate a reasonable probability of a different outcome at trial had an expert on martial arts testified. Therefore, the district court did not err in denying this claim.

Fourth, appellant argues that his trial counsel was ineffective for failing to obtain experts to examine appellant's medical condition following the car crash, as appellant asserts he may have suffered brain damage, may have been rendered incompetent by the injuries he sustained in the crash, or been too intoxicated to have committed the crimes. Appellant fails to demonstrate that his counsel's performance was

SUPREME COURT
OF
NEVADA

(O) 1947A

3

deficient or that he was prejudiced. Appellant provided no evidence that he was incompetent — that he did not have the ability to consult with his attorney with a reasonable degree of rational understanding and that he did not have a factual understanding of the proceedings against him. See Melchor-Gloria v. State, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing Dusky v. United States, 362 U.S. 402, 402 (1960)). Given the lack of evidence to support this claim, appellant fails to demonstrate a reasonable probability that any challenge to his competency would have been successful. Further, counsel did have an expert examine appellant's medical records for evidence of intoxication and appellant fails to demonstrate a reasonable probability of a different outcome at trial if there had been further examination of the medical records. Therefore, the district court did not err in denying this claim.

Fifth, appellant argues that his trial counsel was ineffective for failing to obtain an expert to discuss appellant's shoes and the shoeprints found at the crime scene. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. The State's expert testified that the shoeprints matched the characteristics of the type of Jordache shoes that belonged to appellant, but acknowledged that the shoeprints could not be conclusively linked to only appellant's shoes as the prints did not contain distinguishing characteristics to eliminate other shoes containing the same sole print. The State's expert testified that he did not know the exact number of shoes with this type of sole print, but acknowledged that many Jordache shoes could have this type of sole and that counterfeit shoes may have the same sole as well. Further, counsel obtained an expert to testify regarding appellant's shoes, but decided not to present that witness' testimony. Such "tactical decisions are virtually unchallengeable absent extraordinary circumstances, Ford v. State, 105 Nev. 850, 853, 784 P.2d, 951, 953 (1989),

which appellant did not demonstrate. Given the evidence that appellant wore Jordache shoes and was discovered in the victim's vehicle shortly after the murder, and the testimony of the State's expert, appellant fails to demonstrate a reasonable probability of a different outcome had further testimony been presented on appellant's shoes and the shoeprints. Therefore, the district court did not err in denying this claim.

Sixth, appellant argues that his trial counsel was ineffective for failing to obtain an expert to examine the State's fingerprint evidence from the vehicle stolen in Blythe, California. Appellant fails to demonstrate counsel's performance was deficient or that he was prejudiced. The State's fingerprint expert testified that appellant's fingerprint was discovered in the Blythe vehicle and appellant fails to demonstrate that any expert would have testified in a different manner. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had further fingerprint testimony been presented. Therefore, the district court did not err in denying this claim.

Seventh, appellant argues that his trial counsel was ineffective for failing to properly present Dr. Pitterman's findings regarding appellant's alcohol and drug use. Appellant asserts that the trial court excluded Dr. Pitterman's testimony because counsel failed to disclose the expert testimony in a timely fashion and that the trial court erred in concluding the testimony amounted to inadmissible hearsay. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. While the trial court had a brief discussion with the State and defense counsel regarding the timing of the expert disclosure, the court specifically concluded that Dr. Pitterman's testimony was inadmissible hearsay. The trial court concluded that Dr. Pitterman's conclusions regarding appellant's intoxication during the crime rested on out-of-court statements appellant made to Dr. Pitterman

shortly before the beginning of trial regarding his drug and alcohol use during the timeframe surrounding the murder. As stated on direct appeal, the trial court properly concluded that appellant's statements were not made for purposes of medical diagnosis, but rather to present appellant's statements regarding his drug and alcohol consumption at trial without appellant having to testify. Walker v. State, 113 Nev. 853, 871-72, 944 P.2d 762, 775 (1997); NRS 51.115. As the trial court properly excluded this testimony on hearsay grounds, appellant fails to demonstrate any deficiency or prejudice related to counsel's failure to present Dr. Pitterman's testimony. Therefore, the district court did not err in denying this claim.

Eighth, appellant argues that his trial counsel was ineffective for failing to investigate possible contamination of the evidence at the crime laboratory. Appellant fails to demonstrate counsel's performance was deficient or that he was prejudiced. Appellant asserts that evidence of contamination in the crime laboratory was presented in a different case, but fails to provide proof that any of the evidence in this case was also contaminated. Accordingly, appellant makes only a bare claim, which is insufficient to demonstrate that he is entitled to relief. See Hargrove, 100 Nev. at 502, 686 P.2d at 225. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel performed further investigation into possible laboratory contamination. See Molina v. State, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim.

Ninth, appellant argues that his trial counsel was ineffective for failing to adequately investigate the testimony of J. Diaz, as appellant intended to call Diaz as a defense witness until discovering during trial that her testimony was not favorable. Appellant fails to demonstrate that he was prejudiced. As further investigation into Diaz's testimony revealed

that she would not provide favorable testimony, appellant fails to demonstrate a reasonable probability of a different outcome had further investigation been undertaken. Therefore, the district court did not err in denying this claim.

Tenth, appellant argues that his trial counsel was ineffective for failing to interview the State's witnesses, police officers, occupants of the apartment complex where the victim's body was found, the staff of appellant's motel, and a witness from the Primadonna Hotel. Appellant also asserts that counsel should have ensured that the investigator obtained copies of appellant's motel's phone records, searched public records for information on the State's witnesses, and examined the physical evidence before the trial. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. As counsel questioned the State's witnesses extensively regarding the pertinent physical evidence and any of the eyewitness' version of events, appellant fails to demonstrate that reasonable counsel would have required further review of the physical evidence or further pretrial interviews with witnesses. Appellant fails to demonstrate that it was unreasonable for trial counsel to fail to direct the investigator to obtain these type of records and appellant fails to demonstrate that any of this type of evidence would have been favorable to the defense. Appellant fails demonstrate a reasonable probability of a different outcome at trial had counsel sought further investigation for any of these records, further examination of the physical evidence, or further interviews with witnesses. See id. Therefore, the district court did not err in denying this claim.

Eleventh, appellant argues that his trial counsel was ineffective for failing to interview appellant's friends and family members regarding his reputation for truthfulness and non-violence. Appellant

SUPREME COURT
OF
NEVADA

(O) 1947A

7

fails to demonstrate that he was prejudiced. Given the evidence that shoeprints with characteristics similar to appellant's footwear were found in the victim's blood at the crime scene, that appellant wore a sheath which matched a knife found at the crime scene, and that appellant was discovered in the victim's vehicle shortly after the murder, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel interviewed appellant's friends and family members. Therefore, the district court did not err in denying this claim.

Twelfth, appellant argues that his trial counsel was ineffective for failing to object to the aiding and abetting instruction. Appellant cannot demonstrate deficiency because counsel offered alternative language to the challenged instruction and argued for the court to use that language. Appellant also fails to demonstrate a reasonable probability of a different outcome had counsel argued further regarding the challenged instruction. Therefore, the district court did not err in denying this claim.

Thirteenth, appellant argues that his trial counsel was ineffective for failing to argue that the jury instructions did not properly explain that the jury had to find that appellant physically participated in the use of force or restraint, as that is how the State charged the crime in the complaint. Appellant asserts that the unclear instructions allowed the State to improperly change its theory of criminal liability during its closing arguments. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The language from the complaint was included verbatim in the jury instructions. In addition, the State did not change its theory of criminal liability, as it maintained throughout the trial that appellant could be liable as the principle actor in the murder, an aider and abettor, or through the felony-murder rule. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought further instructions regarding the

State's theories of appellant's criminal liability. Therefore, the district court did not err in denying this claim.

Fourteenth, appellant argues that his trial counsel failed to require the State to articulate the evidentiary hypothesis underlying the prior bad act evidence and failed to object to the limiting instruction regarding the bad act evidence. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. It is clear from the record that the prior bad act evidence regarding a theft of a vehicle from Blythe, California was relevant to the murder in Las Vegas, was proven by clear and convincing evidence, and its probative value was not substantially outweighed by the danger of unfair prejudice. See Tavares v. State, 117 Nev. 725, 731, 30 P.3d 1128, 1131 (2001). In addition, the trial court gave a proper limiting instruction regarding the prior bad act evidence. See id. at 732-33, 30 P.3d at 1132-33; NRS 48.045(2). Counsel objected to the introduction of the prior bad act evidence and appellant fails to demonstrate that reasonable counsel would have made further objections regarding admission of that evidence in light of the district court's determination that the evidence was admissible. Given the strength of the evidence demonstrating appellant's involvement in the murder, appellant also fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought alternative instructions regarding the prior bad act evidence. Therefore, the district court did not err in denying this claim.

Fifteenth, appellant argues that his trial counsel failed to ensure that instances of prosecutorial misconduct were placed on the record and failed to object to other instances of prosecutorial misconduct. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that reasonable counsel would have attempted to make a record regarding

unrecorded disagreements or arguments with the State. Further, appellant fails to demonstrate that any unrecorded arguments or disagreements with the State prejudice to him. Trial counsel objected to many of the State's statements and appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel raised further objections. Therefore, the district court did not err in denying this claim.

Sixteenth, appellant argues that his trial counsel improperly usurped his decision-making ability regarding whether he should testify, as appellant asserts counsel told him he would not testify and did not inform appellant he had the right to testify. Appellant fails to demonstrate that counsel's performance was deficient or that he was prejudiced. The trial court informed appellant that he had the right to testify and that he could decide not to testify, thereby notifying appellant that appellant had to make the decision on whether he should testify. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel had further discussions with appellant regarding this issue. Therefore, the district court did not err in denying this claim.

Seventeenth, appellant argues that his trial counsel failed to make a record regarding the trial judge's extreme illness, which he alleges caused the trial judge to make inappropriate or inconsistent rulings. Appellant fails to demonstrate that reasonable counsel would have asserted on the record that the trial judge had an illness which caused him to make inappropriate rulings. Appellant fails to identify any rulings that were inappropriately made due to an illness and fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought to make a record for this issue. Therefore, the district court did not err in denying this claim.

Eighteenth, appellant argues that his trial counsel was ineffective by failing to present any defense witnesses and merely arguing that the State failed to prove appellant's guilt beyond a reasonable doubt. Appellant fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Trial counsel stated in the motion for a new trial and at the subsequent hearing that this was a tactical decision. As such, it is "virtually unchallengeable absent extraordinary circumstances," Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953, (1989), which appellant did not demonstrate. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel used a different defense strategy or presented witnesses. Therefore, the district court did not err in denying this claim.

Nineteenth, appellant argues that trial counsel was ineffective for stating to the court that the defense was not suggesting that someone other than appellant committed the murder. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The challenged statement was made at a bench conference, not to the jury, and was in response to a question from the trial court regarding a line of defense questioning. Given the context of the statement, appellant fails to demonstrate that counsel acted in an objectively unreasonable manner. As the jury was not privy to this statement, appellant fails to demonstrate a reasonable probability of a different outcome had counsel not made it. Therefore, the district court did not err in denying this claim.

Twentieth, appellant argues that trial counsel was ineffective for failing to move to exclude reference to appellant as a "carnie." Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The carnival manager who employed appellant testified that persons, such as appellant, who travel as

employees of the carnival are referred to as "carnies." As the basis for the term's use was provided through the manager's testimony, appellant fails to demonstrate that reasonable counsel would have objected to use of the term "carnie." Given the few references to the term and the substantial evidence of appellant's guilt, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel objected to use of the term "carnie." Therefore, the district court did not err in denying this claim.

Twenty-first, appellant argues that his trial counsel was ineffective for failing to file a motion in limine to exclude appellant's statement in which he used a racial slur to inform his boss that he was quitting his job. Appellant asserts that the statement was too prejudicial to be admissible. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. While counsel did not file a pretrial motion in limine regarding the challenged statement, counsel objected to admission of the statement at trial and the objection was overruled by the trial court. Appellant has not demonstrated that counsel's performance was objectively unreasonable. And given the evidence presented of appellant's guilt, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel made additional efforts to exclude the challenged statement. Therefore, the district court did not err in denying this claim.

Appellate counsel claims

Next, appellant argues that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal.

12

Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant argues that his appellate counsel failed to argue that the trial court erred in giving the Kazalyn instruction regarding premeditation for murder. Kazalyn v. State, 108 Nev. 67, 825 P.2d 578 (1992). Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Use of the Kazalyn instruction was not error in this case because appellant's conviction was final before this court's decision that the Kazalyn instruction should not be given. See Byford v. State, 116 Nev. 215, 235, 994 P.2d 700, 714 (2000); see also Garner v. State, 116 Nev. 770, 788-89, 6 P.3d 1013, 1025 (2000), overruled on other grounds by Sharma v. State, 118 Nev. 648, 56 P.3d 868 (2002); Nika v. State, 124 Nev. 1272, 1284-85, 198 P.3d 839, 848 (2008). Appellant fails to demonstrate that this claim had a reasonable likelihood of success as there was sufficient evidence presented of appellant's guilt for first-degree murder under both the premeditation theory and the felony-murder theory. Therefore, appellant fails to demonstrate that the district court erred in denying this claim.

Second, appellant argues that his appellate counsel failed to assert that the State improperly interfered with a defense witness, J. Diaz, causing Diaz to alter her testimony. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellate counsel did argue that the State enticed J. Diaz to change her testimony by offering to aid Diaz in the sealing of court records. As this court determined that appellant was not entitled to relief regarding the



underlying claim, Walker v. State, 113 Nev. 853, 873, 944 P.2d 762, 775 (1997), appellant fails to demonstrate a reasonable probability of a different outcome had counsel raised further arguments regarding Diaz's testimony. Therefore, the district court did not err in denying this claim.

Third, appellant argues that his appellate counsel was ineffective for failing to argue that the State knowingly presented false testimony from L. DeFalco. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant points to nothing in the trial record showing that DeFalco's testimony was false, and therefore fails to demonstrate that reasonable appellate counsel would have asserted that the State knowingly presented false testimony. Appellant thus also fails to demonstrate that this issue had a reasonable likelihood of success on appeal. Therefore, the district court did not err in denying this claim.

Cumulative error

Next, appellant argues that the cumulative effect of the errors of trial and appellate counsel amounted to ineffective assistance of counsel. Appellant fails to demonstrate that trial or appellate counsel provided deficient performance and/or that he was prejudiced for any of the above claims. Thus, appellant fails to demonstrate cumulative error amounting to ineffective assistance of counsel. Therefore, the district court did not err in denying this claim.

Direct appeal claims

Next, appellant argues that the trial court erred by refusing to allow appellant to present his codefendant's statements, and Dr. Pitterman's testimony regarding appellant's alcohol and drug use, and refusing to dismiss certain jurors for cause. Appellant also argues that the State improperly challenged jurors based on their gender, the State

committed prosecutorial misconduct, and the instructions on mere presence, unanimity of the verdict on the theory of murder, and flight were erroneous. These issues were considered and rejected on direct appeal. Walker v. State, 113 Nev. 853, 944 P.2d 762 (1997). While appellant argues that this court erred in its disposition of these issues on direct appeal, the doctrine of law of the case prevents further litigation of these issues and "cannot be avoided by a more detailed and precisely focused argument." Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Therefore, the district court did not err in denying these claims.

Appellant also argues that this court did not adequately review his claims raised on direct appeal because this court considers too many cases to adequately review each case. This claim is not properly raised in a post-conviction petition filed in the district court as it does not involve a "violation of the Constitution of the United States or the Constitution or laws of this State." NRS 34.724(1). Moreover, a challenge to the decision on direct appeal should be raised in a petition for rehearing of that decision filed with this court, NRAP 40(c), and appellant fails to demonstrate good cause for his failure to do so. See NRS 34.810(1)(b). In addition, even assuming appellant could properly raise this claim, we conclude that it is based on unsupported speculation and is patently without merit. Therefore, the district court did not err in denying this claim.

Next, appellant argues that the State failed to timely disclose a second set of photographs regarding the shoeprint evidence. This claim could have been raised on direct appeal and appellant failed to demonstrate good cause and actual prejudice to excuse his failure to do so. See NRS 34.810(1)(b). Therefore, the district court did not err in denying this claim.

Actual innocence

Next, appellant argues that he is actually innocent, as demonstrated by testimony, including appellant's testimony, that was presented in a California trial for a related crime. This claim fails to allege a "violation of the Constitution of the United States or the Constitution or laws of this State," and is therefore, not available to be raised in a post-conviction petition for a writ of habeas corpus. See NRS 34.724(1). Further, a free-standing claim of actual innocence, if it exists at all, is not available in a non-capital case. See Herrera v. Collins, 506 U.S. 390, 404-05 (1993). Even assuming that appellant could properly raise a free-standing claim of actual innocence in a post-conviction petition for a writ of habeas corpus, appellant fails to demonstrate he would be entitled to relief. As stated on direct appeal, there was sufficient evidence of appellant's guilt given the bloody shoeprints that matched appellant's shoes, the knife discovered at the murder scene matching the sheath appellant wore when stopped in California, appellant's fingerprint found in a stolen vehicle near the murder scene, and items and blood linked to the victim that were discovered inside of the second stolen vehicle. The testimony appellant highlights here is insufficient to demonstrate that no reasonable juror would have convicted appellant had it been presented, as it fails to account for the substantial amount of physical evidence linking appellant to the Las Vegas murder. Therefore, the district court did not err in denying this claim.

District court's order

Finally, appellant argues that portions of the district court's findings are not entitled to deference on appeal as the order was prepared by the State, adopted over appellant's objections, and failed to adequately address all of appellant's claims of ineffective assistance of counsel. As discussed previously, this court gives deference to the district court's

SUPREME COURT
OF
NEVADA

(O) 1947A

factual findings regarding ineffective assistance of counsel but reviews the district court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). In reviewing appellant's claims of ineffective assistance of counsel under that standard, appellant fails to demonstrate that any of his claims are meritorious. Further, appellant fails to demonstrate that the district court erred in denying any of his additional claims or that the district court's order was insufficient to allow this court to properly review appellant's claims. Therefore, appellant is not entitled to relief regarding his argument that the district court's order is not entitled to deference.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Doug Smith, District Judge
Law Office of Lisa Rasmussen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk